## DU PONT v. COMMISSIONER OF INTERNAL REVENUE.

### No. 4620.

Circuit Court of Appeals, Third Circuit.

Jan. 6, 1933.

Petition for Rehearing Withdrawn Feb. 24, 1933.

DICKINSON, District Judge, dissenting.

James S. Y. Ivins, of Washington, D. C. (C. R. Mudge, of Wilmington, Del., Kingman Brewster, O. R. Folsom-Jones, and Richard B. Barker, all of Washington, D. C., of counsel), for petitioner.

G. A. Youngquist, Asst. Atty. Gen., and Sewall Key and Hayner N. Larson, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and F. R. Shearer, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before DAVIS, Circuit Judge, and DICKINSON and McVICAR, District Judges.

DAVIS, Circuit Judge.

This is a petition for review from an order of redetermination of the Board of Tax Appeals involving income taxes for 1924, 1925, and 1926. 20 B. T. A. 482.

On September 18, 1923, the petitioner executed nine trust agreements for the benefit of his family. According to the terms of the agreements, he transferred thirty-two policies insuring his life, and certain shares of stock, to the trustee. The trustee agreed to apply the income from the stock to the payment of the premiums on the insurance policies and to defray the expenses of carrying the trusts, which were irrevocable for their term of duration with a provision for further extension, on notice by the grantor to the trustee, but it was optional whether or not the grantor would extend the term. The trusts expired, for the first time, on December 18, 1926, and since that date he has twice ordered their renewal. The last extension expired on December 18, 1932.

If the trusts terminate before the death of the petitioner, all interest in the insurance policies will vest in certain beneficiaries, of whom the petitioner is not one, but the stock will be returned to him. If the petitioner dies before the trusts terminate, the proceeds of the insurance policies will become a trust fund to be distributed under the terms of the agreement, and the stock likewise distributed to beneficiaries, other than the petitioner's estate, named in the agreement.

The Commissioner of Internal Revenue, in accordance with his construction of section 219 (h) of the Revenue Acts of 1924 and 1926 (see 26 USCA § 960 note), treated the income of the trusts for the years 1924, 1925, and 1926 as taxable to the petitioner for those years. The Board of Tax Appeals approved the determination of the Commissioner and entered its decision accordingly.

Section 219, which is the same in both acts, provides that the tax shall be computed on the net income of an estate or trust and shall be paid by the fiduciary with certain exceptions. One of these in subdivision (h) controls this case, and is as follows: " * * * Where any part of the income of a trust is or may be applied to the payment of premiums upon policies of insurance on the life of the grantor (except policies of insurance irrevocably payable for the purposes and in the manner specified in paragraph (10) of subdivision (a) of section 955 [214 referring to charitable and philanthropic gifts] such part of the income of the trust shall be included in computing the net income of the grantor."

The petitioner contends that section 219 (h) is not applicable where the grantor of an irrevocable life insurance trust has parted

with all rights and benefits under the trust prior to the act; but that, if Congress did intend it to apply, then section 219 (h) is unconstitutional under the facts of this case.

██ The petitioner, as above stated, executed trusts and assigned to the trustee a large amount of personal property, the income from which the trustee was to use to pay the premiums on policies of insurance on the life of the grantor. The petitioner asserts that the statute does not apply because he divested himself of all interest in the trust funds and the insurance policies (for a period of three years). But "a trust" as used in the statute includes both revocable and irrevocable trusts with or without reserved powers in the grantor; and so any "trust" created by the grantor, if the income from it is or may be used to pay for insurance on his life, comes within the terms of the statute.

Section 219 (h) in full provides: "Where any part of the income of a trust may, in the discretion of the grantor of the trust, either alone or in conjunction with any person not a beneficiary of the trust, be distributed to the grantor or be held or accumulated for future distribution to him, or where any part of the income of a trust is or may be applied to the payment of premiums upon policies of insurance on the life of the grantor (except policies of insurance irrevocably payable for the purposes and in the manner specified in paragraph (10) of subdivision (a) of section 955 [214]), such part of the income of the trust shall be included in computing the net income of the grantor."

The first part of the paragraph explicitly applies to the reservation of some power in the grantor of the trust; and, in the disjunctive, the second part has no limitation or reservation. Paragraph (g) of this section provides that income must be taxable to the grantor when he retains the power to revoke the trust at any time during the year and revest title in himself. In view of paragraph (g), the second part of paragraph (h) would have no purpose if it applies to revocable trusts only.

The intention of Congress as expressed in the exception in paragraph (h) concerning policies of insurance irrevocable payable for the purposes of charity or philanthropy is clear and unambiguous.

This intention may further be gathered from the following report of the Senate Committee on Finance on the Revenue Act of 1924:

"Section 219: This section has been rewritten in order to secure clarity and to prevent the evasion of taxes by means of estates and trusts.

"(1) It is provided in this section that in the case of a trust where the trustee has the discretion to distribute or not, the income is taxed to the beneficiary if distributed and to the trustee if not distributed. The wording of subdivision (b) has been changed (1) to except from its provisions specifically subdivision (g) and (h) which lay down special rules in lieu of the general provisions of subdivision (b); (2) to permit as an additional deduction that part of the gross income which, pursuant to the terms of the will or deed, is to be used exclusively for the prevention of cruelty to children or animals, since contributions by individuals to organizations for these purposes are deductible under section 214 (a) (10). * * *

"(3) Subdivision (h) of this section provides that the income of a trust which may be distributed to the grantor or which may be used for the payment of premiums upon policies of insurance on his life shall be included in the gross income of the grantor. Trusts have been used to evade taxes by means of provisions allowing the distribution of the income to the grantor or its use for his benefit. The purpose of this subdivision of the bill is to stop this evasion.

"The provisions of the House bill have been altered to exclude from taxation to the grantor of a trust income thereof used to pay premiums on insurance policies which are irrevocably payable to the benevolent organizations described in section 214 (a) (10). A trust of this kind is a proper method of providing for a gift to such organizations, and since the income is being used for these benevolent purposes rather than for the grantor's personal benefit it should not be taxed to him." Senate Report No. 398, 68th Congress, First Session, page 25; House Report No. 179, 68th Congress, First Session, page 21.

Congress clearly intended to tax the income of such trusts to the grantor. Did it exceed its powers in doing so? The settlor says it did because he had neither a legal nor equitable title in the trust fund nor in the policies insuring his life to the payment of the premiums on which the income of the fund was applied. He contends that the income of the trust fund was not his, and to make the income of an irrevocable trust created before the enactment of the Revenue Acts of 1924 and 1926 taxable to him raises such serious doubts as to the constitutionality of section 219 (h) that such a construction should be avoided. He believes that section 219 (h)

should be construed to apply only to trusts created after the act became effective.

But taxing to the grantor the income derived from the trusts in this case comes directly within the terms of the statute. It does not directly offend against any provision of the Constitution, and is in line with the general policy of taxation of the government which is concerned, not so much with the refinements of title and interpretation, as it is with the prevention of escape from taxation. The power of taxation is a fundamental necessity of government. Congress intended to establish a complete scheme for taxing income which must be carried out with due regard to substantial and practical results and must not be restricted by mere legal fiction. Tyler v. United States, 281 U. S. 497, 503, 50 S. Ct. 356, 74 L. Ed. 991, 69 A. L. R. 758, Corliss v. Bowers, 281 U. S. 376, 378, 50 S. Ct. 336, 74 L. Ed. 916, Old Colony Trust Company v. Commissioner, 279 U. S. 716, 49 S. Ct. 499, 73 L. Ed. 918.

No matter what is said, when we look at the result of the several transactions, the petitioner's income is reduced by the amount of the income of the trust funds. He has postponed his command over funds and policies for three years. While he has neither power over, nor title to, the funds nor a direct financial interest in the insurance policies, yet he is profiting by the arrangement, for he has seen to it that the income is to be applied to a purpose which he desired and required. But for his resorting to these legitimate devices which have many favorable features other than the one upon which he now insists, he would have continued paying the premiums on the insurance. He applied for, and obtained, the policies. He has merely postponed his right for the term of the trusts to command the fund and to terminate the existence of the contracts of insurance. Meanwhile, it is neither the trustee nor the beneficiaries of the policies who actually enjoy the taxable income but the petitioner himself. In its opinion the Board of Tax Appeals said: "The expense involved in the payment of life insurance premiums by a husband and father on policies for the benefit of his wife and children is regarded as a personal expense under the internal revenue laws, and is not an allowable deduction in determining the net income of the taxpayer. If, by the method used in this proceeding, the petitioner can transfer to a trust the burden of paying these insurance premiums and secure the deduction that way, in so far as payment of surtaxes is concerned, then he has accomplished by indirect means that which the law would not permit him to accomplish directly." 20 B. T. A. 482.

The tax provided by section 219 (h) is placed upon income earned by the trust securities in so far as it may be used by the trustee to pay premiums on insurance on the life of the grantor. The insurance policies forming the trust res, or part of it, must be on the life of the person who executed the trust. This case is not like Hoeper v. Tax Commission, 284 U. S. 206, 52 S. Ct. 120, 76 L. Ed. 248, where the court held that a state could not require a husband to include his wife's separate income in computing his income tax. There the husband had not owned, controlled, or had the right to expend the money for his benefit, and the case turned on the point that A could not be taxed on the basis of B's property.

The petitioner would reject the uniform construction of the Commissioner and the Board of Tax Appeals because he believes that it amounts to taxing him with respect to property which is owned by another, and in which he has no interest, and so amounts to taking property without due process of law. But, as we have pointed out, section 219 (h) places the burden of the tax where it belongs, that is, on the one to whom it is income. Since it is income to the grantor, it would hardly be questioned that requiring him to report it as his was an unreasonable exercise of the taxing power contrary to the Fifth Amendment.

Nor does it appear that the income of the trust fund applied to the insurance should not be taxable to the grantor, for the reason that the trusts were created prior to the effective date of the Revenue Acts of 1924 and 1926. The subject of the tax is income earned in 1924, 1925, and 1926. The statute affects income earned in those years. It does not impose a tax retroactively but presently and prospectively. Corliss v. Bowers, supra. Nichols v. Coolidge, 274 U. S. 531, 47 S. Ct. 710, 71 L. Ed. 1184, 52 A. L. R. 1081, and Coolidge v. Long, 282 U. S. 582, 51 S. Ct. 306, 75 L. Ed. 562, relate to the taxing of transfers of property completed before the passage of the taxing act. The tax in this case is upon income realized from a trust fund during the taxable year.

The order of the Board of Tax Appeals is affirmed.

DICKINSON, District Judge, dissents.