### BACH et al. v. ROTHENSIES, Collector of Internal Revenue.

### No. 618.

District Court, E. D. Pennsylvania.

Jan. 17, 1941.

Frederick E. S. Morrison, John W. Bodine, and Drinker, Biddle & Reath, all of Philadelphia, Pa., for plaintiffs.

Thomas J. Curtin, Asst. U. S. Atty., and Gerald A. Gleeson, U. S. Atty., both of Philadelphia, Pa., and Leon Cooper, Sp. Asst. to Atty. Gen., for defendants.

WELSH, District Judge.

This suit was brought by the executors of the will of the deceased taxpayer to obtain a refund of income tax paid on income accrued at the time of his death. The case is before us upon a stipulation of the facts. Both sides have submitted requests for comprehensive findings and conclusions and in compliance with those requests and as a basis for the determination of the issues, the following facts are recited as our findings:

The plaintiffs are Charles T. Bach and the Girard Trust Company, executors of the will of Anthony J. Drexel, who died on December 14, 1934, letters testamentary having been granted on January 3, 1935. The decedent was, prior to his death, a life beneficiary to the extent of a one-quarter interest in the residuary trust estate created under the will of his father, A. J. Drexel, who died in 1893. The will of A. J. Drexel contained a spendthrift clause prohibiting the payment of income to the beneficiaries prior to its collection and further prohibiting the beneficiaries from in any way anticipating or enjoying income prior to its receipt and distribution by the trustees. During the calendar year 1934, the trustees received and distributed taxable net income from the trust estate in the amount of $520,322.10, one-quarter of which was payable to the decedent, Anthony J. Drexel. Throughout the operation of the trust the trustees and also the decedent kept books and filed tax returns on a cash receipt and disbursement basis.

The income reported for 1934 was composed of net cash receipts, after the deduction of all charges and expenses including a loss on the operation of the Drexel office building, one of the estate assets. Substantially all of the dividends and interest collected covered the periods immediately preceding the respective dates of receipt, although in some instances the collections represented income for periods beginning prior to January 1, 1934.

Anthony J. Drexel's share of the 1934 net income actually received by the trust estate was $132,485.89, which amount was included by his executors in the 1934 income tax return, and the tax thereon was paid. $94.63 of that income was actually received after the decedent's death and paid to his children, but since the sum is relatively negligible it has been disregarded by the parties in the discussion of the issues. During the period between January 1 and December 14, 1934, the decedent received additional income of $3,950 from other investments. His capital losses and other allowable deductions were claimed in his 1934 life period return and were allowed. The return, filed March, 1935, covered the period January 1 to December 14, 1934, reported taxable net income of $95,134.35, and showed an income tax liability of $25,769.-58. Upon examination of the return, the Commissioner of Internal Revenue increased the taxable net income reported to the extent of $38,763.51 by including as taxable income, the income which had accrued upon the trust property on December 14, 1934 but which was actually collected in subsequent years. Such accrued income had not been entered on the trustees' books in 1934 inasmuch as it was not actually collected in that period. This accrued or additional income was received by the Trustees and remitted to the estate of the deceased taxpayer and the other beneficiaries of the trust in the years 1935 and 1939 inclusive, but it was not reported as income to the deceased taxpayer's estate in the years in which it was received. If the income tax on the accrued income were computed for the years in which it was actually received, the total of such tax would be $5,894.15; whereas the tax computed upon the same as income to the taxpayer in his 1934 life period is $20,-857.51.

On December 10, 1935 the executors filed a federal estate tax return reporting as part of the estate the accrued income due from the A. J. Drexel trust as of December 14, 1934. The total accrued income reported was $69,956.78 and included $39,-409.28 of net income accrued from the trust property and other income not subject to income tax. The net value of decedent's estate for estate tax purposes was $673,-986.27 upon which the estate tax paid amounted to $84,725.64.

The present action is a civil suit for the recovery of the additional income tax assessment of $20,857.51 with interest of $1,-087.45 paid by the estate of the deceased taxpayer on January 25, 1936. The amount claimed represents the total increase of income tax for the decedent's life period in 1934 from $25,769.58 to $46,627.09. Prior to the institution of suit, the plaintiffs presented their claim for refund alleging that the additional tax had been erroneously and illegally assessed and collected, which claim was rejected by the Commissioner.

The additional income upon which the assessment was made is the decedent's share of income accrued upon the trust property at the time of his death, the assessment being made by virtue of the following language of Section 42 of the Revenue Act of 1934, 26 U.S.C.A.Int.Rev.Code § 42: "The amount of all items of gross income shall be included in the gross income for the taxable year in which received by the taxpayer * * *. In the case of the death of the taxpayer there shall be included in computing net income for the taxable period in which falls the date of his death, amounts accrued up to the date of his death."

The plaintiffs contend that this section does not require the inclusion in the taxpayer's net income in his life period the accrued income on trust property in which he has an interest; that any accruals on trust assets at the date of the taxpayer's death did not then constitute income to the trust estate and therefore did not accrue to the taxpayer. It is also contended that the Commissioner's application of Section 42 is unlawful in that it adds to the taxpayer's income for one year a share of the trust income for later years, making it subject to higher surtaxes in that year. Such application renders the section discriminatory and therefore unconstitutional. The defendant maintains that income accrued to the trust estate is income accrued to the beneficiaries having a vested interest there-

in regardless of whether it is collected or not, and that the provision of the Act is constitutional and is necessary to prevent accrued income from wholly escaping the income tax thereon.

The essential issue presented is whether or not the estate of a deceased life beneficiary of a spendthrift trust is subject to an income tax upon the decedent's share of the income accrued to the trust at the time of his death, but which was collected in subsequent years, where the decedent and the trust estate maintain their accounts and file tax returns on a cash basis.

■ The views of the respective parties upon the issue and their interpretation of the language of the Act are so widely divergent that some consideration should be given to the purpose of Section 42 as well as to its wording. The section expressly declares that income accrued to a taxpayer at the time of his death must be included in his return for his life period. Prior to that Act, such accrued income escaped the income tax and caused the tax plan to work unequally. In the case of a deceased taxpayer who reported on a cash basis, the taxes were paid only on the income actually received to the date of his death; whereas a deceased taxpayer reporting on an accrual basis paid an income tax on the accrued income even though it had not actually been received at the time of his death. This resulted in an advantage to the taxpayer on a cash basis. Section 42 of the Revenue Act of 1934 was intended to correct this situation.

"The courts have held that income accrued by a decedent on the cash basis prior to his death is not income to the estate, and under the present law, unless such income is taxable to the decedent, it escapes income tax altogether. * * * Section 42 has been drawn to require the inclusion in the income of a decedent of all amounts accrued up to the date of his death regardless of the fact that he may have kept his books on a cash basis." (Report of Ways & Means Committee, H. Rep. 704, 73 Cong., 2 Sess., Page 24; to the same effect is Finance Committee of the Senate Report, S. Rep. 558, 73 Cong., 2 Sess., Page 28)

■ Prior to 1934 a taxpayer who reported on a cash basis paid tax on the income actually received, and when he died no tax was collected on the amount accrued up to the date of his death. Section 42, however, made it necessary for his executors to include all income accrued, even though it had not become due and collected until after his death. Title Guarantee & Trust Co. v. Commissioner, 40 B.T.A. 475. Where the accrued income is substantial in amount, it takes the income into the higher tax brackets and compels the payment of higher taxes than would be assessed if the taxpayer had continued in life and reported his income in subsequent years on a cash basis. In justifying such apparent inequality of tax burden as between living and deceased taxpayers, the Board of Tax Appeals has said "The cash system of accounting is one that has a proper use only where there is a future period for taxing income received subsequently to the period in which the right to receive accrues. It is only because of the existence of such future period that the taxing of the property represented by the accrual is postponed until the actual period of collection. Thus, where a taxpayer, reporting on a cash basis and deferring the inclusion of receivables acquired in one year until the future period of their collection, dies, the possibility of the existence of such future period ceases. One of the conditions supporting the use of the cash system is, therefore, then eliminated and such system becomes no longer applicable to correctly reflect income. * * * Taxing persons who die, in this particular way, is not an unreasonable discrimination."

From such expressions we may assume that the primary purpose of the provision is to prevent the avoidance of income taxes which may become due upon income accrued but not received by a taxpayer at the time of his death; and we may also conclude that the inequality which might exist, as between living and deceased taxpayers, is unavoidable in the process of collecting taxes on accrued income which would escape taxation altogether, except for the application of that section. Conversely it would seem that where the application of Section 42 is not necessary to secure the payment of taxes on accrued income, it should not be applied, especially where the application would result in an unequal taxation which is possible of avoidance.

■ Had this decedent lived through 1934, his share of the 1934 trust income would have been reported and taxed on a cash basis the same as the other beneficiaries of the trust estate. But by requiring the inclusion of his income, because of his death, of an additional $39,409.28 and im-

posing thereon the higher surtaxes in that year, without adding like amounts to the income of the surviving beneficiaries and imposing similar taxes thereon, the Commissioner has imposed an unequal tax burden upon taxpayers who are in the same class, except for the fact that one of them is deceased. Where such increased burden results because of the necessity to prevent avoidance of tax it might be justified, but where the law can be applied without causing an inequality in its effect upon taxpayers, the more reasonable interpretation should be followed.

■■ The fact that the accrued income was not actually collected until after the taxpayer's death does not in itself render the provision inapplicable (Title Guarantee & Trust Co. v. Commissioner supra), and we also agree with the Commissioner that the life beneficiary of a trust, even though it be governed by a spendthrift clause, has a vested right to his share of the income on the trust assets, and not only to such part as might have been collected at his death. In re Davidson's Estate, 287 Pa. 354, 135 A. 130. The Act, however, was not intended to impose a tax upon a right to receive accrued income. Its purpose was to reach the accrued income, even though not collected, which would otherwise escape taxation. In the ordinary case of an individual taxpayer reporting on a cash basis, the provision is essential to the taxing plan and purpose. But where there is an intermediate taxable entity which can or might be assessed for the taxes which would otherwise be avoided, the application of Section 42 is unnecessary, and it should not be adopted.

■ Under Section 161 of the Act, 26 U.S.C.A. Int.Rev.Code, § 161, the trust estate is a taxable entity separate and apart from the taxable beneficiaries. Its income is subject to the income tax laws and to the regulations pertaining to cash or accrual returns. Regardless of whether the beneficiaries have a vested interest or not the Act imposes an income tax upon the income of the trust, except where, under Section 162, 26 U.S.C.A. Int.Rev.Code, § 162, it is currently distributable to the beneficiaries and the tax paid thereon by them. To impose the tax on accrued income under the circumstances of this case would be in effect the taxing of a decedent in 1934 upon the income of the trust estate received in subsequent years, and for which the trustees would have become liable on their usual cash basis of accounting. There appears to be a justification for distinguishing the income accruing to the trust from that which accrued to the estate of the deceased beneficiary through the operation of the trust.

■ A distinction similar to that suggested was made in Enright's Estate v. Commissioner, 3 Cir., 112 F.2d 919, which held that a partnership was a taxable entity separate and distinct from its members. The partnership income accruing to the deceased partner and for which he must account was only that shown to be distributable to him by the partnership return prepared pursuant to the partnership agreement, since it is only that distributable income which he is entitled to receive. That which is not in fact the taxpayer's income, cannot be made such by calling it income. Hoeper v. Commission, 284 U.S. 206, 215, 52 S.Ct. 120, 76 L.Ed. 248, 78 A.L.R. 346. In the Enright case the Court indicated that the uncollected accounts receivable due to the partnership were not distributable to and therefore were not accrued income to the individual partner. This principle can be adapted with equal force to the present case and justifies the conclusion that the income accrued to the trust estate, and not collected or distributable, is not taxable income to the plaintiff's decedent. To hold otherwise would be to extend the statute beyond its purpose.

Where a taxpayer is a beneficiary of a trust estate with the right to receive a share of the income therefrom, and he dies leaving the trust estate as a continuing taxable entity from which the taxes on his share of the accrued income may be collected on the basis of cash returns, the provisions of Section 42 relating to accrued income do not apply to his income for his life period. Applying the provision would work an inequality that is avoidable, and it must be the policy of the law to seek an equitable application of all statutory provisions.

Our conclusion is that the section in question was not intended to, and therefore does not require the inclusion of the accrued trust income to the taxable income of the plaintiff's decedent in the year of his death. The plaintiffs are entitled to recover the amount of the income taxes assessed on the additional income for 1934 which represents income accrued to the trust estate but not collected or distributed to the decedent in that year. It is admitted,

however, that if income taxes were paid by the estate on such accrued income in the years in which it was actually received, the total taxes thereon would be $5,849.14 which sum should be set off against the amount claimed by the plaintiffs. By reason of our disposition of the issues, it is unnecessary to include in the discussion the constitutional objections suggested by the plaintiffs, or to more particularly rule upon the requests for conclusions of law, which, so far as they do not conform hereto, are refused.

Judgment may be entered for the plaintiffs in accordance herewith.