SANTIAGO ALBANESE D'IMPERIO, Plaintiff and Appellant, *v.* SECRETARY OF THE TREASURY, Defendant and Appellee.

No. 10979.   Argued February 1, 1954.—Decided April 13, 1954.

*Heriberto Torres Solá* for appellant. *José Trías Monge, Attorney General, (J. B. Fernández Badillo, Acting Attorney General,* on the brief) and *Manuel J. Medina Aymat, Assistant Attorney,* for appellee.

Mr. Justice Marrero delivered the opinion of the Court.

Under the authority of § 1267 of the Civil Code, 1930 ed., which provides that "Persons who may be joined in matrimony may, before celebrating it, execute contracts stipulating the conditions for the conjugal partnership with regard to present and future property, without any other limitations than those mentioned in this Code," Santiago Albanese D'Imperio and Iris de Juan y Prieto Vda. de Pérez executed before a notary a public deed on January 24, 1949, involving pre-marital contracts. One of the stipulations was that the proposed marriage of the parties would be performed in Santurce on January 27, 1949 [1] that the marriage would be contracted with absolute separation of property between the spouses, each of whom would administer and dispose freely of his or her own property, that the regime of the legal conjugal partnership would be excluded, that the separation of property would cover all property which the prospective spouses would contribute, and would include the income, products, dividends, increase in value by higher market prices, or by any other cause or increase of such property, as well as the rents, interests, fruits and dividends to which they may be respectively entitled from the property of each one's minor children, as usufructuaries thereof, and, lastly, that the property which each spouse would acquire during the marriage would become his or her own exclusive property.

---

[1] The marriage was actually performed on that date.

Thus, Albanese D'Imperio and his wife timely filed separate income tax returns for the taxable calendar year 1949. On December 14, 1951 the Treasurer of Puerto Rico notified the former of a deficiency for that year for the sum of $551.63. After complying with the indispensable administrative requirements, Albanese D'Imperio appealed to the Superior Court, San Juan Part, concerning the deficiency of which he had been notified. After a hearing of the case on the merits, that court rendered judgment sustaining the Treasurer's action. Plaintiff took an appeal. He now contends that the trial court erred "in sustaining the contention of the Treasurer of Puerto Rico dispensing with the Pre-marital Contract which establishes the absolute separation of property, and in computing plaintiff's income tax for the year 1949 by consolidating the returns of both spouses, and assessing a deficiency against plaintiff on the basis of income which he never received and which, on the contrary, corresponded to and belonged to his wife, thereby incorrectly applying § 24(b) of the Income Tax Act and violating the constitutional provisions that a person may not be deprived of his property without due process of law." His fundamental contention is that, under the provisions of §§ 1267 to 1278 of the Civil Code, 1930 ed., a pre-marital contract is absolutely legal in this Island, that the exclusion of community property under that contract renders the provisions of §§ 1301 to 1303 of the Civil Code dead letter,[2] that a marriage, like the one herein, celebrated under a stipulation providing for absolute separation of property and absolute exclusion of the conjugal partner-

---

[2] Section 1301 of the Civil Code, 1930 ed., provides that:

"To the conjugal partnership belong:

"1. Property acquired for a valuable consideration during the marriage at the expense of the partnership property, whether the acquisition is made for the partnership or for one of the spouses only.

"2. That obtained by the industry, salaries, or work of the spouses or of either of them.

"3. The fruits, income, or interest collected or accrued during the mar-

ship, for the purposes of the rents received or accrued from the property of either of the spouses, is the same as if it had not been celebrated at all, because the marriage has not changed the status of the property which belonged individually and separately to each spouse, and that the condition of separate property continues before as well as after the marriage. As a sequel to the foregoing, appellant contends that the separate and exclusive property of his wife cannot be computed in his income, since each of them received his or her own income to the exclusion and with absolute separation of the other, which leads him to conclude that he is being taxed for income which he has not received and which belongs to a different entity, thereby depriving him of his property without due process of law in violation of the provisions of the Federal Constitution, of the Constitution of the Commonwealth of Puerto Rico, and of its forerunners, the Foraker and the Jones Acts.[3]

Both the appellant and the appellee admit that the problem presented in the instant case is new in this jurisdiction. We agree. According to § 24(b) of Act No. 74 of August 6, 1925 (Sess. Laws, pp. 400, 466), as amended by Act No. 150 of April 29, 1949 (Sess. Laws, p. 402):

"If a husband and wife living together have a net income for the taxable year of $2,000 or over, or an aggregate gross income for such year of $5,000 or over, *the total income of both shall be included in a single joint return,* and the normal and additional tax shall be computed on the aggregate income. *The*

---

riage, coming from the partnership property, or from that which belongs to either one of the spouses."

And § 1303 that:

"The right to a usufruct or pension, belonging to one of the spouses, either in perpetuity or for life, shall form part of his or her own property; but the fruits, pensions, and interest due, during the marriage, shall be partnership property."

[3] See § 1 of the Fourteenth Amendment to the Federal Constitution; § 7, Article II of the Constitution of the Commonwealth of Puerto Rico; § 2 of the Organic Act of March 2, 1917, known as the Jones Act; and § 7 of the Organic Act of April 12, 1900, known as the Foraker Act.

*net or gross income received by one of the spouses shall not be divided between them."* [4]  (Italics ours.)

This statutory provision is absolutely clear and establishes no distinction between marriages under the system of community property and marriages with absolute separation of property.  According to that amendment, it is sufficient that the husband and wife live together and have a net income for the taxable year of $2,000 or over, or a gross income of $5,000 or over, in order for the income of both spouses to be included in a single joint return, and the normal and additional tax to be computed on the aggregate income.  For greater emphasis, the statute provides that the net or gross income received by one of the spouses shall not be divided between them.

After our decision in *Ballester* v. *Court of Tax Appeals,* 61 P.R.R. 460, the case at bar seems to be one of *lex scripta.* In support of his contentions the appellant cites, among others, the cases of *Hoeper* v. *Tax Commission,* 284 U. S. 206; *Poe* v. *Seaborn,* 282 U. S. 101; *United States* v. *Robbins,* 269 U. S. 315; *United States* v. *Malcolm,* 282 U. S. 792.  Relying on these cases, he maintains that an income tax cannot be collected from him on the income received by another person. However, those cases are distinguishable from the instant case.  Since they were discussed in *Ballester* v. *Court of Tax Appeals, supra,* we need not analyze them here.  One of the questions for decision in that case was whether, by virtue of the provisions of § 24 (b) of the Income Tax Act, as amended by Act No. 31 of 1941 (Sess. Laws, p. 478),[5] husband and wife were required to file a joint return of their income. In an exhaustive opinion, we concluded that that statutory provision was wholly valid and that husband and wife were

---

[4] Act No. 150 of 1949 took effect immediately, but the provisions thereof are applicable to any taxable year beginning after December 31, 1948.

See § 3 thereof.

[5] Section 24 (b) of Act No. 74 of 1925, as amended by Act No. 31 of 1941, which was to take effect on January 1, 1940, reads exactly the same after it was amended by the Act of 1949, *supra.*

under obligation to file a single joint return for the total amount of their income.[6] In that case, however, the marriage in question was celebrated under the community property system, but this is not the case here. The result must, however, be the same. The fact that under the Civil Code in force the prospective spouses may execute marriage contracts providing for absolute separation of property, does not in any way alter the situation as respects their obligation to file a joint income-tax return. The Income Tax Act governs a specialized subject matter and resort must be had to its provisions, and not to the Civil Code or to any other provisions, in order to decide the problem under consideration. *González* v. *Secretary of the Treasury*, 75 P.R.R. 864, and *Secretary of Labor* v. *Superior Court*, 75 P.R.R. 792. Truly, § 24(b) does not differentiate between a marriage celebrated under the community property system and a marriage under marital contract. The context of that Section is conclusive. In proceeding pursuant thereto, there is no basis for saying that a person is being taxed for the income of another. Under either system there is but a single conjugal partnership, a single economic unit, and it is on that partnership or unit that the tax is levied and collected. As stated by Manresa at p. 10 of Vol. 9 of his Commentaries on the Spanish Civil Code:

---

[6] Prior to the operation of Act No. 31 of 1941, this Court had held in *Casal* v. *Sancho, Treas.*, 53 P.R.R. 609, that a husband and wife could file separate income tax returns. The reason for so holding was that before the amendment of 1941, § 24, since its enactment in 1925, read differently, to wit:

"(b) If a husband and wife living together have an aggregate net income for the taxable year of $2,500, or over, or an aggregate gross income for such year of $5,000 or over:

"(1) Each shall make such a return, or

"(2) The income of each shall be included in a single joint return, in which case the tax shall be computed on the aggregate income."

From the context of that Section it will be noted that it was optional for the spouses to file separate or joint returns.

". . . The system of separation of property in the marriage implies the negation of the natural existence and need for special family property. True, the personalities of both spouses coexist at the time of the marriage, but, even though they coexist, *a new personality is born which must accomplish certain purposes for which it needs adequate and special means. The conjugal partnership is not merely the sum of two individuals; it is the basis of a new family and represents a community,* which naturally has common purposes not served by absolute separation." (Italics ours.)

And on p. 88 of the treatise cited:

"A conjugal partnership system is always necessary. *Upon celebration of the marriage, a partnership necessarily and unavoidably arises* which needs means or elements of life for the accomplishment of its purposes, and it needs direction and requires rules of administration, enjoyment, disposition and application of those means . . ." (Italics ours.)

For present purposes, we repeat, there is no distinction between one and the other class of marriage.

Although in *Ballester* v. *Court of Tax Appeals, supra,* the marriage was celebrated on the basis of community property, we stated at p. 473 that:

"It should be emphasized that we do not undertake in this opinion to lay down detailed rules for fitting property and income in which spouses have an interest into the respective categories of community and separate property. . . ."

and at pp. 471 and 472 that:

". . . in cases subsequent to *Poe* v. *Seaborn,* the Supreme Court of the United States has freed itself from the straitjacket of the logic embodied in the sweeping statement that taxation of one person upon the income of another is inhibited."

citing several cases of the Supreme Court of the Nation, and that:

"In the light of these cases, the belief has grown that no constitutional barrier now exists against the taxation of the

aggregate income of married couples as a unit, irrespective of questions of technical title thereto, 'In view of the overwhelming authority indicating how the Supreme Court would feel on the question were it presented to that tribunal at the present time, *there can be little doubt as to the constitutionality of a statutory provision taxing the income of a family as a unit.*'" (Italics ours.)

Before closing, we will repeat the words of Justice Holmes in his dissenting opinion in *Hoeper* v. *Tax Commission, supra*, in which Justices Brandeis and Stone concurred, to wit:

". . . So far as the Constitution of the United States [of the Commonwealth of Puerto Rico or the Jones Act of March 2, 1917] is concerned, the legislature has power to determine what the consequences of marriage shall be, and as it may provide that the husband shall or shall not have certain rights in his wife's property, and shall or shall not be liable for his wife's debts, it may enact that he shall be liable for taxes on an income that in every probability will make his life easier and help to pay his bills. Taxation may consider not only command over, but actual enjoyment of, the property taxed.

". . . And when the legislature clearly indicates that it means to accomplish a certain result within its power to accomplish, it is our business to supply any formula that the *elegantia juris* may seem to require. *Sexton* v. *Kessler & Co.,* 225 U. S. 90, 97."

Indeed, the legislative power in amending § 24 the way it did by the Acts of 1941 and 1949 mentioned above, established no distinction between marriages celebrated under either system; and where the law does not draw difference we must not. *Cf. Fernández* v. *Wiener,* 326 U. S. 340.

The judgment appealed from will be affirmed.

Mr. Justice Negrón Fernández did not participate herein.