Associate Chief Justice NEHRING,
dissenting:
4 19 I respectfully dissent. At bottom this case presents an issue of statutory interpretation. I find Anadarko's statutory and constitutional arguments unpersuasive, and I disagree with the majority's interpretations of the relevant Severance Tax Act provisions. I would therefore uphold the decision of the Utah State Tax Commission (Commission).
I. THE UTAH SEVERANCE TAX ACT DOES NOT PERMIT A DEDUCTION FOR ROYALTY INTERESTS IN THE CALCULATION OF MARKET VALUE OF OIL AND GAS
120 Utah Code section 59-5-102 governs the severance tax for oil and natural gas interests within the state. The statute employs a two-tiered rate scheme whereby part of the tax is assessed at 3 percent and the remainder at 5 percent.[15] The operation of these tax rates lies at the heart of the parties' dispute.
{21 Utah Code section 59-5-102 requires that "a person owning an interest in oil or gas produced from a well in the state" pay a severance tax on the oil or gas "on the basis of the value determined under Section 59-5- *653 103.1." [16] This tax must be paid on all oil or gas produced and saved, sold, or transported from the field.[17] Subsection (1)(b) dictates that the severance tax applies to "an interest in oil or gas ... or in the proceeds of the production of oil or gas produced from a well in the state," but it specifically exempts interests owned by the United States, the state or political subdivisions of the state, or Indian tribes.[18] The statute provides that the severance tax rate for natural gas is "3% of the value of the natural gas up to and including the first $1.50 per MCF for gas" and "5% of the value of natural gas from $1.51 and above per MCF for gas."[19] The statute mandates that "value" is "determined under Section 59-5-108.1.[20]
122 Utah Code section 59-5-108.1 provides the calculation for how "the value of oil or gas shall be determined" for the purposes of imposing tax "under Section 59-5-102." [21] Importantly, the computation of fair market value under section 59-5-103.1 makes no mention of a deduction for exempt royalty interests. Instead, to determine fair market value, an owner may deduct "processing costs" and "transportation costs." [22]
123 Notwithstanding the absence of an express deduction, Anadarko contends that the plain language of the statutes nonetheless requires that the exempt interests be deducted from the calculation of value under section 59-5-103.1. The Commission responds, quite simply, that section 59-5-103.1 on its face does not allow such a deduction.
1 24 It is axiomatic that "[when interpreting statutory language, our primary objective
is to ascertain the intent of the legislature." [23] And "[the best evidence of the legislature's intent is the plain language of the statute itself." [24] Thus, "[wlhen statutory language is clear, there is no need for us to look further to determine legislative intent." [25]
€25 Neither party disputes that the exempt royalty interests must be deducted from Anadarko's ultimate tax liability. Both Anadarko and the Commission agree that the Auditing Division correctly subtracted the federal, state, and Indian interests from Ana-darko's taxable amount.[26] But Anadarko claims that it must also be allowed to deduct the exempt interests from the value computation, which in turn will direct how the two tax rates are to be calculated. Anadarko argues that it would have been superfluous to explicitly include this deduction in section 59-5-108.1, which provides the value calculation, because under section 59-5-102(1)(b) the severance tax does not apply to the exempted interests. I disagree. In looking to the plain language of Utah Code sections 595-102 and -103.1, I would conclude that the text unambiguously dictates that the calculation of value does not permit the deduction of federal, state, or Indian royalty interests.
1 26 Section 59-5-102 very clearly does not tax the exempted interests, but it says nothing of deducting those interests for the purposes of calculating fair market value. In fact, section 59-5-103.1 specifically enumerates the deductions that are permitted at that stage-deductions for processing and transportation costs-but does not allow royalty interest deductions. When interpreting *654 statutory language, we must "give effect to omissions in the statutory language by presuming all omissions to be purposeful." [27] Therefore, I would not ignore the plain language of the statute and read in an additional deduction that the legislature did not provide. It is clear that the legislature contemplated possible deductions for the value calculation and yet omitted the deduction for the royalty interests. I would not alter this legislative determination by judicial fiat.
127 Moreover, I do not believe, as Anadar-ko next contends, that this interpretation creates inconsistent definitions of "value" within the Act. Anadarko argues that the Commission interprets "value" under section 59-5-102(1) to exclude the exempt interests but then interprets "value" in section 59-5-102(2) to include such interests. I disagree. Subsection (1) directs the taxpayer to pay a severance tax "on the basis of the value determined under Section 59-5-108.1." Subsection (2) then subjects the taxpayer to a tax of either 3 percent or 5 percent of that value. Thus, subsection (1) supplies the determination of value that is used in subsection (2). In this way, subsection (2) simply incorporates the computation of value found in subsection (1). I find this understanding of the statutes to be wholly consistent.[28]
128 In sum, by evaluating the plain language of the statute, I would conclude that the text of section 59-5-108.1 is unambiguous. When calculating the value of the oil or gas, Anadarko may deduct the transportation and processing costs but not the exempt royalty interests.
II. THE CALCULATION OF VALUE UNDER UTAH CODE SECTION 59-5-108.1 DOES NOT VIOLATE CONSTITUTIONAL OR STATUTORY PROVISIONS
129 Anadarko also argues that including the royalty interests in the calculation of value imposes a tax on the federal government and Indian tribes in violation of the Supremacy Clause of the United States Constitution as well as state and federal statutes.[29] Anadarko cites the seminal case M'Culloch v. Maryland [30] for the proposition that states cannot levy taxes on the federal government. I unquestionably agree. However, the State of Utah has imposed no tax whatsoever on federal or Indian property, nor on the State itself. As Anadarko concedes, the Commission correctly deducted the exempt royalties attributable to the federal, state, and Indian interests from Anadarko's taxable value. Apparently recognizing this, Anadarko asserts that "any severance tax which incorporates federal royalties in calculating value ... is a tax on the government in violation of the Supremacy Clause." (Emphasis added.) This is not so. That the tax rates applied to Anadarko are determined by reference to the exempt interests does not render the State's action a tax on those exempt entities. Neither the federal government nor an Indian tribe has alleged that it has been improperly assessed a tax. The only entity being taxed is Ana-darko, and I find any argument to the contrary perplexing. Accordingly, Anadarko's claims based on the Supremacy Clause, as *655 well as related federal and state statutes, fail.
T30 Finally, Anadarko argues that the Commission's calculation violates due process because it imposes a tax on Anadarko that is "based upon the property of other entities." However, as discussed above, there can be no contention that Anadarko is required to pay a tax on the royalty interests of federal, state, or Indian entities. Anadarko agrees that the royalty interests were properly deducted from its taxable value. For this reason, Hoeper v. Tax Commission provides no support for Anadarko.[31] In Hoeper, the United States Supreme Court was called upon to determine whether the property of a married woman could be taxed as belonging to her husband, as at common law, or whether the wife's income was her own separate property.[32] The Court determined that "the wife's income is in the fullest degree her separate property and in no sense that of her husband," and thus taxing the husband on his wife's property violated due process.[33] In contrast, Anadarko is not taxed at all on the royalty interests of the exempted entities.[34] Moreover, deductions in the tax code "are allowed as a matter of grace." [35] Therefore, where the legislature has chosen to define value as the total value of the gas that Ana-darko removed from the Utah soil, the legislature is under no obligation to provide additional deductions to taxpayers. Thus, I would hold that the Commission's decision does not violate the United States Constitution or other state and federal statutory provisions.
CONCLUSION
131 Utah Code section 59-5-108.1 provides the calculation for the value of oil or gas that is used to determine the tax rate allocation under section 59-5-102. Under the plain language of the statute, taxpayers are permitted to deduct both processing costs and transportation costs for the purposes of caleulating that value, but the statute does not allow a taxpayer to deduct royalty interests from the calculation. This interpretation does not implicate constitutional or statutory concerns because no exempt interests are subject to taxation. I would therefore affirm the Commission's ral-ing.

. Urax Copr § 59-5-102(2).

. Id. § 59-5-102(1)(a).

. Id.

. Id. § 59-5-102(1)(b). Section 59-5-102 was amended in 2011, during the audit period for the present case. See Severance Tax Amendments, ch. 54, see. 1, § 59-5-102, 2011 Utah Laws 407, 407. The amendment added, as relevant for our purposes, subsection (1)(b). See id. However, both parties agree that this amendment was simply a clarification of the previous law and that our analysis should remain the same under both versions of the statute.

. Urax Cope § 59-5-102(2)(b).

. Id. § 59-5-102(1)(a).

. Id. § 59-5-103.1(1)(a).

. Id. § 59-5-103.1(1)(b).

. Ivory Homes, Ltd. v. Utah State Tax Comm'n, 2011 UT 54, ¶ 21, 266 P.3d 751.

. Reynolds v. Bickel, 2013 UT 32, ¶ 10, 307 P.3d 570 (internal quotation marks omitted).

. Morra v. Grand Cnty., 2010 UT 21, ¶ 32, 230 P.3d 1022.

. It is for this reason that Anadarko's constitutional and federal statutory arguments fail. See infra Part II.

. Marion Energy, Inc. v. KFJ Ranch P'ship, 2011 UT 50, ¶ 14, 267 P.3d 863.

. Anadarko's argument also appears premised on the Commission's Form TC-684A (Schedule A), used for calculating the severance tax liability. Anadarko argues that the term "value" in lines 12 and 18 of Schedule A are inconsistent. Even if that is the case, when interpreting statutes, we do not look to such forms as controlling interpretations of law. See Am. W. Bank Members, LC. v. State, 2014 UT 49, ¶ 17, 342 P.3d 224 (explaining that forms can be helpful "exemplars"); McKnight v. State Land Bd., 14 Utah 2d 238, 381 P.2d 726, 731 (1963) (holding that an individual must "comply with the law regardless of any form that may be used," even if furnished with a deficient form by the State).

. Anadarko brings its state statutory claim under Utah's Enabling Act, which provides that "no taxes shall be imposed by the State on lands or property therein belonging to or which may hereafter be purchased by the United States or reserved for its use." Utah Enabling Act of 1894, ch. 138, § 3, 28 Stat. 107, 108. Anadarko's federal statutory argument is based on the Indian Reorganization Act, which states that title to land or any rights taken by the federal government in trust for an Indian tribe "shall be exempt from State and local taxation." 25 U.S.C. § 465 (2012).

. 17 U.S. (4 Wheat) 316, 4 L.Ed. 579 (1819).

. 284 U.S. 206, 52 S.Ct 120, 76 L.Ed. 248 (1931).

. Id. at 215, 52 S.Ct.120.

. Id. ('That which is not in fact the taxpayer's income cannot be made such by calling it income.").

. The additional cases cited by Anadarko are likewise inapposite. Both cases addressed due process concerns related to states that taxed business activities conducted outside their borders; they have no application in the present context. See Container Corp. of Am. v. Franchise Tax Bd., 463 U.S. 159, 164, 103 S.Ct. 2933, 77 L.Ed.2d 545 (1983) ("Under both the Due Process and the Commerce Clauses ..., a state may not, when imposing an income-based tax, tax value earned outside its borders." (internal quotation marks omitted)); ASARCO Inc. v. Idaho State Tax Comm'n, 458 U.S. 307, 315, 102 S.Ct. 3103, 73 L.Ed.2d 787 (1982) ("As a general principle, a State may not tax value earned outside its borders.").

. Cont'l Tel. Co. of Utah v. State Tax Comm'n, 539 P.2d 447, 450 (Utah 1975); see also INDOPCO, Inc. v. Comm'r, 503 U.S. 79, 84, 112 S.Ct. 1039, 117 L.Ed.2d 226 (1992) ("[DJeductions are strictly construed and allowed only as there is a clear provision therefor." (internal quotation marks omitted)).