Campbell, OMef Justice,
delivered the opinion of the court:
This case is before the court upon a report of the facts made and duly filed by a commissioner of the court, to whom it was referred for such report. The facts as reported are accepted by the parties, and are adopted-by the court as special findings of fact.
The executors of the last .will and testament of John W. T. Nichols, deceased, sue to recover certain taxes alleged to have been erroneously or illegally assessed and collected, which the Commissioner of Internal Revenue upon due application refused to refund. At the time of his death the testator was a member of a copartnership operating in New York City as selling agents on commission. The articles of copartnership, among other things, provide that—
“ In case of the death of any partner, his interest in the partnership shall cease with the last day of the month in which he dies and his interest in the partnership shall be liquidated and paid over to his estate as fast thereafter as the proper conduct of the business will allow.”
The date of decedent’s death is April 25, 1920. While he was a member of the copartnership the firm had performed some services; namely, they had for the account of their principals and on a commission basis secured contracts for the sale of certain goods, wares, and merchandise; and between the dates of April 25 and December 31, 1920, they received on these contracts certain commissions, of which decedent’s distributive share amounted to $78,322.36. Payment of this amount was made to plaintiffs as executors of decedent’s estate. In ascertaining the value of the gross estate for estate-tax purposes the Commissioner of Internal Revenue determined the value of the decedent’s interest in the partnership assets to be $78,322.36, and this amount was’ included in the value of gross estate upon which the estate| tax was assessed by the commissioner and paid by the execu-4 *245 tors. In making tbe income-tax return of the estate for the! period between April 25, 1920, and December 31, 1920, the executors included therein the amount received from the! partnership, and did so pursuant to rulings and regulations of the Treasury Department. It thus appears that the one item has been treated as part of the value of the gross estate;' for estate-tax purposes and as part of the gross income of , the estate for income-tax purposes, and the question for decision is whether it can be made to serve in both these capacities. We think the answer must be in the negative. For"j taxation purposes the individual’s income during his life- j time and the income of his estate after his death are distinct; things, the individual and his estate being separate entities, j The taxing statute makes plain this distinction, because section 210 of the revenue act of 1918, 40 Stat. 1062, imposes a normal tax upon the “ net income of every individual,” and section 219 imposes the same rate of tax upon the income of estates, “ including income received by estates of deceased persons ” during the period of administration. Section 401 imposes a tax upon “ the transfer of the net estate of every decedent ” dying after the passage of the act. This net estate is to be determined (sec. 402) by taking the value of the gross estate of the decedent, including therein “ the j value at the time of his death of all property, real or per-J' sonal, tangible or intangible, wherever situated,” and making' certain authorized deductions. The tax thus imposed upon the transfer of the estate is upon the interest which ceases by reason of the death and is not upon the interest to which legatees and devisees succeed. Y. M. C. A. v. Davis, 264 U. S. 47, 50; Edwards v. Slocum, 264 U. S. 61. An interest thus ceases and the estate interest begins at the time of the death. When, therefore, an item is properly determined to constitute a part of the gross estate of a decedent for estate-' tax purposes it can not by any sort of reasoning be made to, constitute a part of the income of the same estate. It is a • part of the corpus. The income of an estate which the statute taxes is, generally speaking, the income which accrues after the estate begins, and it begins with the decedent’s death. It is, of course, to be recognized that income re *246 by him, may have to be returned by his executors or administrators and be taxed as income received by the decedent in his lifetime. As an illustration, let it be supposed that the decedent had realized upon or collected the sum mentioned before his death. It would have been income to him, and taxable as such. See Eisner v. Macomber, 252 U. S. 189, 207; United States v. Phellis, 257 U. S. 156. But if death had then ensued would it be contended that this sum, actually received by the owner before his death, would be income of his estate? The amount, or value of it, less the tax due thereon by him, would be as much a part of the corpus as any other property of which he might die seized or possessed would be. In the instant case the decedent did not receive the amount in question. He did not keep his books on an accrual basis. According to the facts his books of account, as also the books of plaintiffs as executors, “ were kept on a cash receipts and disbursement basis.” In these circumstances the right to receive from the partnership the distributive share to which the decedent was entitled passed at the time of his death to the executors as an asset of the estate, land when the amount was ascertained and paid it became ¡part of the estate, not as income but as corpus. It is not to be presumed that Congress intended to subject the corpus of the estate to double taxation (see Supplee-Biddle Hardware Co. case, 265 U. S. 189, 195), though income accruing as such to the estate during administration is taxable as income. The contention of the Government that “ there can be no capital in the estate unless that which constitutes the capital item has first been treated as income, either of the decedent or of the estate,” can not be readily accepted, but when this premise is followed by the admission that the plaintiffs “ correctly argue that there was no income to the decedent ” and that, therefore, the distributive share of commissions received from the partnership must be income of the estate, it is manifest that the assumed premise is itself at fault. Í Plainly the amount was part of the assets or corpus of the estate. As already stated, it was so treated for estate-tax ; ¡ purposes.
*247 Judgment should be rendered for the tax mentioned, with interest .from the dates of payments of the several installments to the date of judgment. And it is so ordered.
Moss, Judge; Graham, Judge; and Booth, Judge, concur.
Hat, Judge, absent.