## UNITED STATES v. WOOD et al. *
### No. 5627.

Circuit Court of Appeals, Third Circuit.
July 29, 1935.

*Writ of certiorari denied 56 S. Ct. 249, 80 L. Ed. —.

Thomas A. Carpenter, of Washington, D. C., Charles D. McAvoy, U. S. Atty., and Thomas J. Curtin, Asst. U. S. Atty., both of Philadelphia, Pa. (Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and J. W. Wideman, Sp. Assts. to the Atty. Gen., of counsel), for the United States.

Robert T. McCracken, John F. Headly, and C. Russell Phillips, all of Philadelphia, Pa., for appellees.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from a judgment of the District Court for the Eastern District of Pennsylvania, entered in an action of assumpsit brought by the United States of America against the appellees as executors of the estate of George Wood, deceased.

The decedent was a member of the partnership firm of George Wood Sons & Co., commission merchants. He died on February 17, 1926. During his lifetime he had returned his income upon the cash receipts and disbursements basis. In 1926, the appellees, using the same basis, filed an income tax return in which they included as net income a sum determined to be the decedent's share of the partnership earnings from January 1, 1926, to February 17, 1926, and paid an income tax of $1,807.73 thereon. In their federal estate tax return, the appellees capitalized the decedent's share in the firm profits at the same sum and paid an estate tax thereon. In 1929, they filed a claim for refund of the income tax. The Commissioner allowed the claim, and on March 4, 1930, refunded the tax, plus interest, or a total of $2,083.50. In March, 1932, the United States of America brought suit at law under the provisions of section 610 of the Revenue Act of 1928 (45 Stat. 791, 875), 26 USCA § 2610, for the recovery of that sum, which the Commissioner claimed was erroneously refunded to the appellees. The trial judge directed a verdict for the appellees. The ap-

peal is from the judgment entered upon the verdict.

[redacted] It is undisputed that whatever profits were realized by the partnership from January 1, 1926, to February 17, 1926, were undistributed as such until December 31, 1926, the end of the partnership year. No profits accruing after January 1, 1926, were in fact received by the decedent, nor were such profits credited to his account prior to his death. Under the terms of the partnership agreement, profits were not ascertainable until the end of the calendar year, and were not until that time available to any of the partners. The partnership agreement provided:

"In case any of the partners shall die before the expiration of said partnership it shall not work a dissolution of the firm.

"The deceased partner's interest and share in the profits shall either continue to the end of the partnership term, viz., December 31st, 1926; or, if his executors elect to withdraw his contribution to the capital, his balance shall be terminated at the end of the month in which he died and the firm shall have a year to make final settlement; * * *"

It is assumed by the government that, since the partnership did in fact show profits at the end of the year, and since the decedent was alive for 48 days of that year, $^{48}/_{365}$ of those profits must have been earned by the partnership during the lifetime of the decedent, and that the decedent necessarily acquired part of those profits as income in the 48 days prior to his death. We cannot accept this assumption as being based on fact. On the contrary, it might well have been the fact that the early part of the year netted the partnership losses, and that it was not until the period subsequent to the decedent's death that any profits were earned by the partnership. The government has introduced no evidence to the contrary.

We find no decision of the Supreme Court dispositive of the present situation. We are referred to Darcy v. Commissioner, 66 F.(2d) 581 (C. C. A. 2), by the government and to Nichols v. United States, 64 Ct. Cl. 241, by the appellees.

In the Darcy Case, supra, the facts were as follows: James T. Gwathmey was a member of a partnership firm of commission cotton factors. The partnership agreement provided that the interest of any partner who should die during the course of the business year should continue to the expiration of the year. In 1923, the fiscal year for the partnership ended July 31, 1923. In 1924, it ended August 31, 1924. James T. Gwathmey died June 11, 1924. Between July 31, 1923, and the date of his death, the decedent had drawn out of the firm $1,322.81. The decedent's personal representative returned this sum as income, but failed to return any portion of the firm profits not in fact received by the decedent prior to his death. The Commissioner assessed a deficiency. He took into consideration the fact that the partnership's fiscal year consisted of 407 days, and that the decedent was alive during 328 of these days. He concluded that the decedent's income from the partnership was $^{328}/_{407}$ of the profits during the fiscal year. The Board of Tax Appeals and the Circuit Court of Appeals for the Second Circuit sustained the Commissioner. Certiorari was denied in 290 U. S. 705, 54 S. Ct. 372, 78 L. Ed. 606. The Circuit Court of Appeals said: "We agree that what is not income in fact cannot be made income by legislative fiat and so brought within the income tax laws. Hoeper v. Tax Commission, 284 U. S. 206, 215, 52 S. Ct. 120, 76 L. Ed. 248. But this actually was the decedent's income. For all we know he could have had it as such before he died. He did draw a comparatively small amount between January 1, 1924, and the date of his death. No one can say from this record that he drew all he could."

In the instant case no partner had the right to demand any part of the profits until the end of the calendar year. In fact, because of the nature of the partnership business, profits could not be determined until that time. Another distinction is that, in the Darcy Case, the Commissioner is aided by a presumption of correctness which is present in every suit for the collection of taxes, whereas in the instant case the burden is upon the government to prove that the refund was erroneous.

We think the circumstances in the instant case more closely resemble those in Nichols v. United States, supra. In that case, the decedent was a member of a partnership under an agreement which provided that, upon the death of a partner, his interest should be determined as of the end of the month in which he died. The decedent died on April 25, 1920. Subsequent to his death, the partnership received commissions which had been earned prior to

his death and of which the decedent's share was $78,000. This sum was paid over to the estate and was included in computing the estate tax. The executors filed an income tax return for the estate for the period subsequent to the decedent's death and to the end of the calendar year. They included the $78,000 as income, but thereafter filed a claim for refund of the tax paid. The refund was allowed by the Court of Claims in a well-reasoned and persuasive opinion. Certiorari was denied by the Supreme Court in 277 U. S. 584, 48 S. Ct. 432, 72 L. Ed. 999.

We think the learned trial judge did not err in directing a verdict for the appellees and entering judgment thereon.

Judgment affirmed.