JOHNSON, J., agrees with the above.

ESTATE OF FRED BASCH, DECEASED, PAUL WM. VORTREFFLICH (OR VORT) AND JULIAN H. BASCH, TRUSTEE, TRANSFEREE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

PAUL WM. VORTREFFLICH (OR VORT), PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ESTATE OF FRED BASCH, DECEASED, C/O PAUL WM. VORTREFFLICH (OR VORT), EXECUTOR (NOW TRUSTEE), PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 11791, 11792, 11793. Promulgated October 9, 1947.

*Abraham M. Perkus, Esq.*, for the petitioners.
*John E. Mahoney, Esq.*, for the respondent.

OPINION.

HILL, *Judge*: Section 126, Internal Revenue Code,[2] provides in effect that items not properly includible in a decedent's income under the

---

[2] SEC. 126. INCOME IN RESPECT OF DECEDENTS.

    (a) INCLUSION IN GROSS INCOME—

    (1) GENERAL RULE.—The amount of all items of gross income in respect of a decedent which are not properly includible in respect of the taxable period in which falls the date of his death or a prior period shall be included in the gross income, for the taxable year when received, of:

    (A) the estate of the decedent, if the right to receive the amount is acquired by the decedent's estate from the decedent;

    \*       \*       \*       \*       \*       \*       \*

    [The legislative purpose of this section is evident from H. R. 2333, 77th Cong., 2d sess., p. 81, and S. R. 1631, same session, p. 100. Also compare sec. 42 (a), Internal Revenue Code, before and as amended by sec. 134 of the Revenue Act of 1942. See also *Helvering* v. *Enright,* 312 U. S. 636.]

accounting method used by such decedent shall be included in the income of the person who rightfully receives such items. Decedent here consistently reported his income on the cash basis. The question for our determination therefore is whether the items of income in controversy are properly includible in decedent's income. If they are not so includible, then they should be included in petitioner's income, since petitioner rightfully received them.

Decedent was on a cash basis. He did not actually receive any of the items in controversy. The only theory under which such items could therefore be considered properly includible in decedent's income is the one of constructive receipt.

*Bonus.*—Decedent, under his employment contract with the company, was entitled to a percentage of profits "as ascertained by its Certified Public Accountants." Decedent's percentage of 1942 profits was so ascertained in February 1943, a month or more after his death. A credit was then made on the company's books in decedent's favor and interest was computed as of January 1, 1943. These circumstances do not, in our opinion, justify the application of a constructive receipt doctrine. The pertinent taxable period with respect of decedent covers the first two days of January 1943. During this period decedent's percentage had not been computed and no credit was then made in his favor. There is no showing that decedent controlled the company. Under these circumstances, we do not think it can be said that during the two-day tax period decedent turned his back on income which was subject to his unfettered command. Constructive receipt is a concept which we have indicated will be sparingly applied and only in clear cases. This is not such a case. See *Pedro Sanchez*, 6 T. C. 1141, at 1147 *et seq.*; affd., 162 Fed (2d) 58.

Petitioner argues that the computation of decedent's percentage could have been made in an hour or so. The potential rapidity of the computation under the present circumstances does not, in our opinion, convert into constructive receipt what otherwise is not such. We hold that decedent did not constructively receive the bonus during the first two days of January 1943. It follows that respondent correctly determined that petitioner should have included this item in its income for the period January 3 to December 31, 1943.

*Commissions.*—On July 20, 1943, the appropriate local court awarded and approved the commissions in question. This was almost half a year after decedent's death. There is no showing that decedent as of right under local law could have helped himself from the estate to the commissions. It is not indicated that any credit was made on the estate books in favor of decedent during the taxable period covering January 1 and 2, 1943, or prior thereto. Under these circumstances, we do not think the facts and circumstances of record justify an application of the theory of constructive receipt. It follows that respondent

must be sustained in determining that petitioner should include them in its income for the period January 3 to December 31, 1943, and we so hold.

*Interest.*—We have found as a fact that $180.09 of the interest added by respondent to petitioner's interest income was already included in its interest income. This addition is therefore a duplication and we hold that to this extent respondent's determination is erroneous. We otherwise sustain respondent's determination as to interest income. The petition states that the remaining interest which respondent seeks to add to petitioner's income accrued to decedent before his death and was reported in his final return. However, there is nothing in the record at all to substantiate this statement. Nor is there any showing that such interest item was evidenced by interest coupons and/or that it matured and became payable within the lifetime of decedent. For failure of proof on petitioner's part, we therefore sustain respondent's determination in this respect.

Finally, petitioner offers a constitutional objection. Petitioner argues that income has been defined as the gain derived from capital, labor, or from both combined. From this petitioner argues that the income items here in question were derived from decedent's labor and capital, not petitioner's. It is argued that to tax decedent's income to petitioner is not an income tax as to petitioner but a direct tax imposed without apportionment and is therefore unconstitutional. It not clearly appearing to us that the provisions of section 126 as here sought to be applied by respondent are unconstitutional, we hold adversely to petitioner on this point. Cf. *Taft* v. *Bowers*, 278 U. S. 470.

It is established by the record and is unquestioned that petitioners in Docket Nos. 11791 and 11792 are liable for the deficiency determined hereunder against petitioner in Docket No. 11793, and we so hold. Petitioners in Docket No. 11791 are liable as transferees and petitioner in Docket No. 11792 is liable as fiduciary under section 3467, Revised Statutes of the United States, as amended.

*Decisions will be entered under Rule 50.*