ESTATE OF EDGAR V. O'DANIEL, DECEASED, RUTH O'DANIEL AND GUARANTY TRUST COMPANY OF NEW YORK, EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12923. Promulgated April 19, 1948.

*John F. LeViness, Jr., Esq.*, for the petitioners.
*Clay C. Holmes, Esq.*, for the respondent.

MURDOCK, *Judge*: The Commissioner determined a deficiency of $13,099.04 in income tax of the estate of this decedent for the calendar year 1944. The facts have been submitted by agreement of the parties.

The decedent died on November 4, 1943, and the petitioner is his estate. The return for the estate for 1944 was filed with the collector of internal revenue for the third district of New York.

The decedent was employed, for many years and up to his death, by American Cyanamid Co. That company had had a bonus plan in which the decedent had participated for a number of years. No employee had any enforceable right to any allotment for the current year under the plan until his share was designated by the proper officer. No share of the bonus for 1943 was designated for the decedent until March 14, 1944, several months after his death. It amounted to $28,143.65 and was paid to his estate on March 16, 1944. The estate did not report that amount as income on its return for 1944, but the Commissioner added it to income in determining the deficiency for that year. He explained that it was a salary bonus of the decedent for 1943 services which the estate should have reported when received in 1944, since it was income under sections 22 (a) and 126 (a).

The first issue for decision is whether the $28,143.65 was income of the estate for 1944. Section 126 (a) of the Internal Revenue Code provides for the taxation to the recipient, when received, of income "in respect of a decedent" which was not properly includible in his income during his life. (a) (1) (A) provides that such income received by his estate shall be included in its income "if the right to receive the amount is acquired by the decedent's estate from the decedent." The amount here in question was income in respect of the decedent received by the estate during 1944 not properly includible in the income of the decedent during his life. Nevertheless, the petitioner argues that the amount is not includible in its income for 1944 because the decedent never had any legally enforceable right to the bonus during his life and the petitioner did not acquire from him any right to receive the amount.

The petitioner's argument misconceives the purpose and effect of the statute. The decedent need not have had a legally enforceable right to the amount at the time of his death. Prior revenue laws had packed the uncollected remnants of each decedent's income into

his final taxable period as if received by him during his life. Congress felt that:

* * * While such income should be subject to income tax, hardship results in many cases from including in the income for the decedent's last taxable period amounts which ordinarily would be receivable over a period of several years. This section [126] changes the existing law by providing that such amounts shall not be included in the decedent's income but shall be treated, in the hands of the persons receiving them, as income of the same nature and to the same extent as such amounts would be income if the decedent remained alive and received such amounts. * * * The right to income is treated in the hands of the decedent differently from his other property, and when his estate or his legatee takes his place with respect to this income, it is proper to continue to treat this right in their hands in the same manner as it would be treated in the hands of the decedent.

\* \* \* \* \* \* \*

All amounts of gross income which are not includible in the income of the decedent will, when received, be includible in the income of the person receiving such amounts by inheritance or survivorship from the decedent under section 126 * * *. The persons who are placed, with respect to such amounts, in the same position as the decedent are the decedent's estate, which in the great majority of cases will receive such amounts * * *. [Finance Committee Report No. 1631, 77th Cong., 2d sess., to accompany H. R. 7378, pp. 100, 101, sec. 135. See similar statements in Ways and Means Report No. 2333, pp. 83–84.]

Congress endeavored to put the recipient, here his estate, in the exact place of the decedent in all respects with reference to the taxability of such income. Congress meant that no income earned by the decedent should escape income tax and meant to tax to the estate amounts of such income received by it after the death of the decedent where the estate "acquir[ed] the right to such amounts by reason of the death of the decedent." Finance Committee Report, *supra*. The amount here in question was not earned by the estate by virtue of its own activity or investments, but was income earned by the decedent. It was paid for services rendered by him to his employer and was received by the petitioner, as his representative, solely because of services rendered by him. It remained income when received by the estate. The right of the estate to receive it was acquired from, by reason of the death of, the decedent within the purpose and intended meaning of section 126 (a) (1) (A). Cf. *Estate of Fred Basch*, 9 T. C. 627.

The petitioner included an amount in the gross estate for estate tax purposes representing the bonus considered in the first issue. The respondent makes no argument against the petitioner's alternative contention that a credit under section 126 (c) is proper if the amount is income under section 126 (a).

*Decision will be entered under Rule 50.*