### DIXON et al. v. UNITED STATES.
### Civ. A. No. 685.

United States District Court
E. D. Kentucky, at Lexington.

Oct. 19, 1950.

Elwood Rosenbaum, Lexington, Ky., for plaintiff.

Claude P. Stephens, U. S. Atty., Lexington, Ky., Henry L. Spencer, Sp. Asst. to Atty. Gen., for defendant.

FORD, Chief Judge.

#### Findings of Fact

Upon the evidence adduced by the parties in the trial of the case and the pleadings in the case, the Court makes the following findings of fact:

#### I

All of the evidence in the case was presented by a stipulation of facts, agreed upon and filed by the parties and, the Court adopts that stipulation as a part of its findings of fact.

#### II

The plaintiffs, as executors of the estate of W. Lacy Dixon, deceased, seek to recover a deficiency assessment of income taxes for the year 1946 in the amount of $4,358.45, with interest from February 11, 1948, which amount was duly assessed upon moneys received by the decedent's estate from the sale of accounts receivable in the sum of $16,895.25 and from inventory property in the sum of $1,706.31.

#### III

In paragraph 13 of the stipulation of facts, the United States has conceded that

the amount of $1,706.31 received from the sale of the inventory property was not income to the estate, but was a return of capital investment, and has also conceded that the plaintiffs are entitled to a refund of $823.16, the amount of taxes assessed and collected thereon, with interest from February 11, 1948, as provided by law.

## IV

The decedent, W. Lacy Dixon, owned certain accounts receivable of the book value of $32,180.98 less $9,654.29 estimated cost of collection, or net value of $22,526.69 as of the date of his death. The decedent's estate sold the accounts receivable to a new partnership for $16,895.25. In paragraph 9 of the complaint it is stated, in part: The new firm still known as "Minor-Dixon Magazine Service" purchased the accounts receivable from the W. Lacy Dixon estate * * *. It is shown in paragraph 5 of the stipulation of facts that W. Lacy Dixon acquired the accounts receivable under a partnership agreement dated July 1, 1941, nearly four years before his death. In that agreement it was provided, in substance, that all accounts receivable in or in connection with the business belonged *solely* and *absolutely* to W. L. Dixon.

In paragraph 7 of the stipulation of facts, it is stipulated, in part: "sufficient collections had been made on the sale of magazines to pay for the cost of the magazines purchased * * * and the accounts receivable herein involved would have represented income if they had been collected * * *."

## V

The accounts receivable were created by sales of magazines. Each sale was an account receivable. Since the cost of the magazines had been collected, the rest or uncollected part of the accounts receivable, at the date of W. Lacy Dixon's death, represented profits or income due to him or his estate.

Under the terms of the written agreement dated July 1, 1941, the accounts receivable belonged *solely* and *absolutely* to W. Lacy Dixon and, on the date of his death December 2, 1945. they represented accrued, but uncollected, income to him. Dixon's estate did not attempt to collect the accounts receivable, but sold them for $16,895.25, which represented his estate's interest therein after deducting the estimated cost of collecting them.

## VI

The Commissioner of Internal Revenue included the total of both amounts ($16,895.25 plus $1,706.31) $18,601.56 as income taxable to decedent's estate in the year it was received 1946, believing that the total amount was realized from accounts receivable. After this suit was filed a new investigation disclosed that the $1,706.31 was realized from the sale of inventory property and not from accounts receivable.

The taxes and interest assessed and collected on the total sum of $18,601.56 amounted to $4,358.45, the amount sued for. The Commissioner now concedes that $1,706.31 of $18,601.56 should not have been included in the taxable income for 1946 of the decedent's estate.

## VII

The plaintiffs paid the deficiency assessment on February 11, 1948, and on that same date filed a claim for refund thereof in the amount of $4,358.45. This claim for refund was disallowed in full on March 15, 1949, and this suit was timely brought on March 31, 1949. In the claim for refund and in the complaint, the plaintiffs allege that the Commissioner erred in making the deficiency assessment, because the moneys received from the sales did not constitute income to the decedent's estate when received.

## Conclusions of Law

### I

The statute applicable to the case is Section 126 of the Internal Revenue Code, 26 U.S.C.A. § 126, which provides in part as follows:

"§ 126 [As added by Sec. 134, Revenue Act of 1942, c. 619, 56 Stat. 798]. Income in respect of decedents.

"(a) *Inclusion in gross income.*

"(1) *General rule.* The amount of all items of gross income in respect of a decedent which are not properly includible in respect of the taxable period in which falls the date of his death or a prior period shall be included in the gross income, for the taxable year when received, of:

"(A) the estate of the decedent, if the right to receive the amount is acquired by the decedent's estate from the decedent;

\* \* \* \* \* \*

"(3) *Character of income determined by reference to decedent.* The right, described in paragraph (1), to receive an amount shall be treated, in the hands of the estate of the decedent or any person who acquired such right by reason of the death of the decedent, or by bequest, devise, or inheritance from the decedent, as if it had been acquired by the estate or such person in the transaction by which the decedent acquired such right; and the amount includible in gross income under paragraph (1) or (2) shall be considered in the hands of the estate or such person to have the character which it would have had in the hands of the decedent if the decedent had lived and received such amount."

## II

The amount of $16,895.25 received by the decedent's estate in 1946 from the sale of the accounts receivable represented income taxable to the decedent's estate in that year. This issue is decided in accordance with the decisions in the cases of Basch v. Commissioner, 9 T.C. 627, and Estate of O'Daniel v. Commissioner, 10 T.C. 631, to the effect that profits and income received by a decedent's estate is taxable income to the estate, in the year received, in the same manner they would have been taxable to decedent had he lived and received them. The Commissioner of Internal Revenue was correct in assessing and collecting the taxes on the $16,895.25, and the plaintiffs' complaint with respect to this issue is now dismissed.

## III

The taxes in the sum of $823.16 collected on the amount of $1,706.31 received by the estate from the sale of inventory property was erroneously assessed and collected by the Commissioner. The amount of $1,706.31 represented a return of capital investment and was not income taxable to the estate. On this issue the plaintiffs are entitled to recover $823.16, with interest from February 11, 1948, as provided by law, and judgment therefor is now granted to the plaintiffs.