Ard E. RICHARDSON, Jr., and Mildred Q. Richardson; and Peter C. Treleaven, Individually,

and

Peter C. Treleaven, Ard E. Richardson, Jr. and Wilbur M. Seelye, as Co-Executors of the Estate of Irene B. Treleaven, Deceased, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 13928.

United States District Court E. D. Michigan, S. D.

Sept. 25, 1959.

Evans, Boyer & Luptak, Detroit, Mich., John C. Evans, Frank H. Boyer, Jerry D. Luptak, Detroit, Mich., for plaintiffs.

Charles K. Rice, Asst. Atty. Gen., James P. Garland, Philip R. Miller, Lester L. Gibson, Attorneys, Dept. of Justice, Washington, D. C., Fred W. Kaess, U. S. Atty., Elmer L. Pfeifle, Jr., Asst. U. S. Atty., Detroit, Mich., for defendant.

THORNTON, District Judge.

The question here present is a narrow one, and may be stated simply without the necessity for a recitation of all the contents of the stipulation of facts upon which the case has been submitted to the Court for determination. The said stipulation was agreed upon and filed by the parties, and we adopt it as the findings of fact necessary for compliance with Rule 52(a), F.R.Civ.P., 28 U.S.C.A.

This case involves the application of Section 126 of the Internal Revenue Code of 1939, 26 U.S.C.A. § 126, as added by § 134, Revenue Act of 1942, C. 619, 56 Stat. 798, the pertinent part of which reads as follows:

"§ 126. *Income in respect of decedents*

"(a) *Inclusion in gross income.*

"(1) *General rule.* The amount of all items of gross income in respect of a decedent which are not properly includible in respect of the taxable period in which falls the date of his death or a prior period shall be included in the gross income, for the taxable year when received, of:

"(A) the estate of the decedent, if the right to receive the amount is acquired by the decedent's estate from the decedent;

"(B) the person who, by reason of the death of the decedent, acquires the right to receive the amount, if the right to receive the amount is not acquired by the decedent's estate from the decedent; or

"(C) the person who acquires from the decedent the right to receive the amount by bequest, devise, or inheritance, if the amount is received after a distribution by the decedent's estate of such right.

\* \* \* \* \* \*

"(3) *Character of income determined by reference to decedent.* The right, described in paragraph (1), to receive an amount shall be treated, in the hands of the estate of the decedent or any person who acquired such right by reason of the death of the decedent, or by bequest, devise, or inheritance from the decedent, as if it had been acquired by the estate or such person in the transaction by which the decedent acquired such right; and the amount includible in gross income under paragraph (1) or (2) shall be considered in the hands of the estate or such person to have the character which it would have had in the hands of the decedent if the decedent had lived and received such amount."

As will appear from the stipulation, the subject matter of this case is the interest accruing to decedent until the date of his death but not collected by him. Plaintiffs here claim that such interest became part of the corpus of the estate and that § 126(a) is unconstitutional insofar as it treats this interest item as income rather than as corpus. No argument is made that, had the decedent, during his lifetime, received, or collected, the interest on the notes as said interest became due, it would not have been income subject to the federal income tax. The question, therefore, is whether or not, by postponing the receipt of said interest until some time after his death, a person may, in effect, avoid the impact of the income tax by virtue of the change from income to principal wrought by the fact of his death, and by no other converting circumstance. Section 126(a) is the answer of the United States Congress to this question. The statute answers the question in the negative. It is the contention of the plaintiffs that the statute is unconstitutional. They state in their reply brief, at page 3, that "The ultimate issue in this case is whether § 126(a) is unconstitutional as a direct tax on capital contrary to the Constitution of the United States. The subject accrued interest is clearly capital under Michigan law; and the narrow issue in this case is whether Congress may tax as income under the Sixteenth Amendment what is capital under state law." Plaintiffs concede that § 126(a) imposes an income tax but they vigorously contend that the said tax is, in fact, on capital and, therefore, unconstitutional because it constitutes "a direct tax on capital in violation of Article I, § 2(3), Article I, § 8, and Article I, § 9(4) of the Constitution of the United States, because it is not a tax on income under the Sixteenth Amendment to the Constitution of the United States."[1] Plaintiffs' position, in other words, is that § 126(a) is really an unconstitutional tax on capital under the guise of a constitutional income tax.

The Government concedes that a tax on capital, as such, would be unconstitutional, but contends that this is not such a tax.

We do not propose to treat this issue in an exhaustive manner. It does not appear to us to be of a profound nature, although that is not to say that it is not equally important as any other matter that comes before the Court for determination.

■ Let us, first of all, dispose of plaintiffs' theory that Congress may not tax as income that which is capital under *state law*. One sentence from a recent decision of the Court of Appeals for the Sixth Circuit will suffice. It reads as follows: "If jurisdiction of this Court inhered by virtue of diversity we would be bound by Michigan Law. * * * Such is not the case."[2] The case at bar is one where jurisdiction does not inhere by diversity.

Next, we reach the point urged by plaintiffs that the mere labeling of capital as income does not make it so. We agree that change in appellation does not work a change in the nature of that which is denominated. However, whether or not a given sum of money is capital or income is related to vantage point— from where is this sum of money being viewed? from whose perspective is it being viewed? Is it not true that all capital was income at some point in time? Is it not a question involving "when" and "whom"? Are we not engaged in a controversy over semantics?

■ We do not perceive any real clash with constitutional rights in the application of the statute in question to the facts in the case at bar. The taxpayer here saw fit to accrue the interest during his lifetime without ever becoming the recipient himself. When upon his death the accrued interest inured to his estate, § 126(a) became effective as to

---

1. Plaintiff's brief, first page.

2. Fetter v. United States, 6 Cir., 1959, 269 F.2d 467, 470.

it, resulting in the imposition of an income tax on the moneys representing the accrued interest which, in fact, had not previously *been* subject to income tax. It is not disputed that the accrued interest was an item of income for the year in which it was received by the estate. As the Government points out in its brief, if the argument advanced by plaintiffs be sustained, then a decedent whose method of income accounting is by accrual gains a distinctly favored treatment by comparison with one on a cash basis.

Plaintiffs argue that the case of Dixon v. United States, 6 Cir., 1951, 192 F.2d 82, does not hold § 126(a) to be constitutional, that such issue was not before the Court, and that this Court is, therefore, given no precedent by virtue of the Dixon case. The Court of Appeals per curiam affirmance (192 F.2d 82) recites that the judgment appealed from is "in all things affirmed upon the grounds and for the reasons set forth in the Findings of Fact and Conclusions of Law of the District Judge filed in the District Court on October 19, 1950, 96 F.Supp. 986." We believe that this is an endorsement, carte blanche, of the grounds and reasons set forth by District Judge Ford. The paragraph that we believe is of particular pertinence here is paragraph II of the Conclusions of Law which we here set forth in its entirety.

"II

"The amount of $16,895.25 received by the decedent's estate in 1946 from the sale of the accounts receivable represented income taxable to the decedent's estate in that year. This issue is decided in accordance with the decisions in the cases of Basch v. Commissioner, 9 T.C. 627, and Estate of O'Daniel v. Commissioner, 10 T.C. 631, to the effect that *profits and income received by a decedent's estate is taxable income to the estate, in the year received, in the same manner they would have been taxable to decedent had he lived and received them.* (Italics supplied.) The Commissioner of Internal Revenue was correct in assessing and collecting the taxes on the $16,895.25, and the plaintiffs' complaint with respect to this issue is now dismissed." Dixon v. United States, 96 F.Supp. 986, 988.

It seems to us that implicit in said language is the holding that the treatment of the accrued income as income rather than as capital is not illogical or unrealistic. Whether or not the ultimate distribution to beneficiaries of a decedent's estate is regarded by them as capital is of no consequence from the viewpoint of analyzing the constitutionality of § 126(a). The net distribution may be capital, but it certainly is not capital before the applicable income tax law has had its impact. And we are unable to see any unfairness in the statutory scheme here employed as applied to this case. We do not believe that the taxpayer may here successfully argue the unconstitutionality of § 126(a) in order to avoid income taxes on what is most clearly income that has not been taxed as income, and would not be so taxed but for the enactment known as § 126(a). When the Court of Appeals affirmed the holding of the District Court by the use of the language " * * * in all things affirmed * * * " the appellate court ipso facto included paragraph II of the conclusions of law of the lower court. Paragraph II is clear in holding that the subject of the tax imposed by § 126(a) was income. The subject of the tax here is of the same character and we therefore hold it to be income. The tax under attack here is, of course, conceded not to be unconstitutional as applied to income. We believe that the per curiam affirmance of the Dixon case, supra, by the Court of Appeals for the Sixth Circuit, impels the conclusion we reach here.

An order may be presented accordingly.