Ard E. RICHARDSON, Jr., and Mildred G. Richardson, and Peter C. Treleaven, individually, and Peter C. Treleaven, Ard E. Richardson, Jr., and Wilber M. Seelye, as Co-Executors of the Estate of Irene B. Treleaven, Deceased, Plaintiffs-Appellants,

v.

UNITED STATES of America, Defendant-Appellee.

No. 14356.

United States Court of Appeals Sixth Circuit.

Sept. 19, 1961.

Jerry D. Luptak, Detroit, Mich. (Evans, Boyer & Luptak, Detroit, Mich., on the brief), for appellants.

Sharon L. King, Dept. of Justice, Washington, D. C. (Charles K. Rice, Lee A. Jackson, Meyer Rothwacks, Dept. of Justice, Washington, D. C., George E. Woods, Jr., U. S. Atty., Detroit, Mich., on the brief), for appellee.

Before MILLER, Chief Judge, CECIL and WEICK, Circuit Judges.

SHACKELFORD MILLER, Jr., Chief Judge.

This action was filed in the District Court by the appellants to recover federal income taxes paid for the taxable year 1948, alleged to have been improperly collected by the Collector of Internal Revenue under Section 126(a), Internal Revenue Code, 26 U.S.C.A. § 126(a), which deals with the taxation of legatees with respect to income of a decedent. The facts, which were stipulated, are summarized as follows.

Ard E. Richardson, a resident of Lansing, Michigan, died testate on September 21, 1945, leaving as survivors his widow, Irene B. Richardson, who subsequently married the appellant Peter C. Treleaven, and his son, Ard E. Richardson, Jr., who, with his wife, Mildred G. Richardson, are also appellants. The Will of Ard E. Richardson was duly admitted to probate on November 13, 1945. Within the time allowed by law, Irene B. Richardson filed with the Probate Court her election to take her share of the Estate of Ard E. Richardson, deceased, as provided by the Michigan statutes, and pursuant to such election, she became entitled to one-quarter of the net residue of the Estate under the Michigan Statute of Descent and Distribution, Comp.Laws Supp. 1956, § 702.69, and Ard E. Richardson, Jr., became entitled to the remaining three-quarters of the net residue of said Estate.

Seven promissory notes, payable by The E. Richardson Corporation in the total principal amount of $139,000.00, plus accrued interest to September 21, 1945, the date of Richardson's death, in the amount of $411,593.33 were included in the assets of the Estate of Ard E. Richardson. The notes were included in the decedent's gross estate for federal estate tax purposes at the fair market value of such principal and accrued interest, and a federal estate tax was paid upon the amount thereof. The federal estate tax attributable to the inclusion of the accrued interest of $411,593.33 was $129,534.25, or thereabouts.

On February 16, 1948, the Probate Court entered an order approving as a partial distribution of the residue of the Estate the said promissory notes plus the then total accrued interest. The distribution was on the basis of one-quarter to Irene B. Treleaven, decedent's widow who had remarried, and three-quarters to Ard E. Richardson, Jr.

On June 11, 1948, The E. Richardson Corporation paid the principal and accrued interest then owing on the promissory notes in the total amount of $565,-179.68, consisting of $139,000.00 principal and $426,179.68 accrued interest. Irene B. Treleaven received $34,750.00 of said principal and $106,544.92 of said accrued interest. Ard E. Richardson, Jr., received $104,250.00 of said principal and $319,634.76 of said interest. $411,593.33 of the accrued interest of $426,179.68 paid on June 11, 1948, was attributable to interest accrued as of the date of death of Ard E. Richardson, of which amount Irene B. Treleaven received $102,898.33 and Ard E. Richardson, Jr., received $308,695.00.

Ard E. Richardson, Jr., and his wife included in their 1948 joint individual income tax return as interest income the said amount of $308,695.00. They claimed in this return a deduction under Section 126(c) of the 1939 Internal Revenue Code in the amount of $92,980.50 for federal estate taxes paid by the decedent's estate and attributable to the accrued interest of $308,695.00.

Irene B. Treleaven died January 15, 1949. Appellants Peter C. Treleaven and the Executors of the Estate of Irene B. Treleaven included in their 1948 joint individual income tax return as interest income the amount of $102,898.33. In this return a deduction was claimed under Section 126(c) of the 1939 Internal Revenue Code in the amount of $30,993.50 for federal estate taxes paid by decedent's estate and attributable to the accrued interest of $102,898.33.

Claims for refund were filed by the taxpayers on the ground that the accrued interest of $308,695.00 and $102,898.33 were excluded from gross income under Section 22(b) (3) of the 1939 Internal Revenue Code, 26 U.S.C.A. § 22(b) (3), as a bequest, devise or inheritance; that the income tax cost basis of this accrued interest under Section 113(a) (5) of the 1939 Internal Revenue Code, as amended, 26 U.S.C.A. § 113(a) (5), was the fair market value thereof on the date of death of Ard E. Richardson; and that Section 126 of the 1939 Internal Revenue Code, as amended, was unconstitutional insofar as it attempted to levy an income tax on property acquired by bequest, devise or inheritance. The taxpayers also claimed a refund on the ground that they had understated the federal estate tax deduction allowed under Section 126(c). The refund claims were allowed and paid insofar as they related to additional deductions under Section 126(c); to the extent not allowed the refund claims were rejected by statutory notice of disallowance.

Timely suit for refund was filed by the taxpayers in the District Court. The trial court entered judgment for the United States holding that the accrued interest as of September 21, 1945, which was paid to the appellants in 1948, was taxable income to the appellants in 1948 under Section 126(a), 1939 Internal Revenue Code, as amended, which section of the Code he ruled was not unconstitutional. Richardson, et al. v. United States, D.C.E.D.Mich., 177 F.Supp. 394. This appeal followed.

Section 126(a) (1), as amended by Section 134(e), Revenue Act of 1942, provides:

"General rule. The amount of all items of gross income in respect of a decedent which are not properly includible in respect of the taxable period in which falls the date of his death or a prior period shall be included in the gross income, for the taxable year when received, of: * * *" the person who acquires from the decedent the right to receive the amount by bequest or inheritance.

Section 126(a) (3) provides that the amount includible in such gross income shall be considered "to have the charac-

ter which it would have had in the hands of the decedent if the decedent had lived and received such amount."

The provisions of Section 126 have been applied in the following cases. O'Daniel's Estate v. Commissioner, 2 Cir., 173 F.2d 966; Dixon v. United States, D.C., 96 F.Supp. 986, affirmed, 6 Cir., 192 F.2d 82; Commissioner v. Linde, 9 Cir., 213 F.2d 1; Estate of Fred Basch, 9 T.C. 627. Under those rulings the interest received by the appellants in 1948 was taxable income to them in that year.

Appellants concede that the interest received by them in 1948 is taxable to them under the provisions of Section 126 (a) if Section 126(a) is valid. Their single contention is that Section 126(a) is unconstitutional and invalid. They point out that in the three Court of Appeals cases above referred to, the constitutionality issue was not raised or discussed, and that although the question was raised in the Fred Basch case in the Tax Court, it was disposed of there by merely a ruling without discussion or explanatory reasoning. We do not fully agree with this criticisn of the Tax Court's ruling, since it appears from the Tax Court's opinion that reference was made to Taft v. Bowers, 278 U.S. 470, 49 S.Ct. 199, 73 L.Ed. 460, in support of its ruling, to which case we hereinafter refer.

Appellant's claim of unconstitutionality is based upon the contention that the interest on the notes in the present case, not having been received by the decedent, who was on the cash receipts basis, was not taxable income to the decedent, but upon his death was a property right which became part of the principal of his estate, and that any tax upon it when it was later paid and reduced to possession, was obviously a tax upon the principal of the estate. Such a direct tax can not be imposed by Congress without apportionment among the states according to population, as required by Article I, Section 2, Clause 3, and Article I, Section 9, Clause 4, of the Constitution of the United States. Article I, Section 9, Clause 4, provides:

"No Capitation, or other direct, Tax shall be laid, unless in Proportion to the Census or Enumeration hereinbefore directed to be taken."

Pollock v. Farmers' Loan and Trust Co., 157 U.S. 429, 580, 583, 15 S.Ct. 673, 39 L.Ed. 759; Eisner v. Macomber, 252 U. S. 189, 40 S.Ct. 189, 64 L.Ed. 521. This constitutional limitation upon direct taxation was modified by the Sixteenth Amendment insofar as taxation of income was concerned, but the amendment was restricted to income, leaving in effect the limitation upon direct taxation of principal. Eisner v. Macomber, supra, 252 U.S. 189, 205–206, 40 S.Ct. 189. Appellants accordingly contend that the tax imposed by Section 126(a), being a direct tax on principal without apportionment is unconstitutional. Although the tax has been in effect since 1942, we are referred by counsel for the respective parties to no Supreme Court or United States Court of Appeals case in which the constitutionality issue is discussed and expressly decided.

It is, of course, conceded by the Government that if Section 126(a) is a tax on principal, it is invalid under the foregoing well settled principles. It is also recognized that if the tax is actually one on principal, labeling it as a tax on income will not avoid the constitutional limitation. Taft v. Bowers, supra, 278 U.S. 470, 481, 49 S.Ct. 199, 73 L.Ed. 460; Eisner v. Macomber, supra, 252 U. S. 189, 206, 40 S.Ct. 189, 64 L.Ed. 521; Hoeper v. Tax Commission, 284 U.S. 206, 215, 52 S.Ct. 120, 76 L.Ed. 248. The Government contends, however, that the tax is a tax on income and so not within the constitutional limitation.

We first review the legislative history of Section 126.

Prior to 1934 the courts held that income accrued by a decedent on the cash basis prior to his death was not taxable in the decedent's final income tax return because it had not been received by him

during his lifetime. Nor was it taxable as income to his estate because it came into the estate as capital, not as income. Nichols v. United States, 64 Ct.Cl. 241, certiorari denied, 277 U.S. 584, 48 S.Ct. 432, 72 L.Ed. 999; E. S. Heller, et al., Executors, 10 B.T.A. 53; William K. Vanderbilt, et al., Executors, 11 B.T.A. 291. See: Helvering v. Enright's Estate, 312 U.S. 636, 639, Note 6, 61 S.Ct. 777, 85 L.Ed. 1093.

In order to plug this loophole, it was provided by Section 42 of the Revenue Act of 1934, 48 Stat. 680, C. 277, 26 U.S.C.A. § 42, "In the case of the death of a taxpayer there shall be included in computing net income for the taxable period in which falls the date of his death, amounts accrued up to the date of his death if not otherwise properly includible in respect of such period or a prior period." Estate of Putnam v. Commissioner, 324 U.S. 393, 396–397, 65 S.Ct. 811, 89 L.Ed. 1023.

The Supreme Court held in Helvering v. Enright, supra, 312 U.S. 636, 61 S.Ct. 777, 85 L.Ed. 1093, that Section 42 of the Revenue Act of 1934 permitted the inclusion as accruable items, in a decedent's gross income for the period ending with his death, his share of the profits earned, but not yet received, of a partnership, when both the decedent and the partnership reported income on a cash receipts and disbursements basis.

Section 42 of the 1934 Revenue Act resulted in some hardships because there were bunched in the final income tax return of a decedent items of accrued income which might be collected later at different times over a period of years. This subjected such accrued income to higher tax rates than would be the case if returned in the different years in which they were later received. Accordingly, in the Revenue Act of 1942 Congress enacted Section 126 of the Internal Revenue Code, which is applicable to the present case, and under which the accrued interest on the notes was made taxable in the year received to the person who acquired from the decedent the right to receive it by bequest or inheritance. The question

is, did the appellants receive this interest as taxable income or as a nontaxable inheritance of principal?

The Sixteenth Amendment did not define the word "income." The Supreme Court in Eisner v. Macomber approved the following definition, "Income may be defined as the gain derived from capital, from labor, or from both combined," provided it be understood to include profit gained through a sale or conversion of capital assets, pointing out the fundamental conception clearly set forth by the wording of the Amendment which gave Congress the power to collect taxes "on incomes, from whatever source derived." 252 U.S. at pages 207–208, 40 S.Ct. at page 193, 64 L.Ed. 521; Taft v. Bowers, supra, 278 U.S. 470, 481, 49 S.Ct. 199, 73 L.Ed. 460.

Under the definition of income above referred to, the accrued interest on the notes in the present case was income. Section 22(a), 1939 Internal Revenue Code, 26 U.S.C.A. § 22(a); Helvering v. Midland Mutual Life Ins. Co., 300 U.S. 216, 57 S.Ct. 423, 81 L.Ed. 612, rehearing denied, 300 U.S. 688, 57 S.Ct. 752, 81 L. Ed. 889; Austin v. Commissioner, 6 Cir., 161 F.2d 666, certiorari denied, 332 U.S. 767, 68 S.Ct. 75, 92 L.Ed. 352. Whether it was taxable to the decedent was a question for Congress to determine, involving no constitutional issue. Flint v. Stone Tracy Co., 220 U.S. 107, 108, 173, 31 S. Ct. 342, 55 L.Ed. 389; Brushaber v. Union Pacific R. R. Co., 240 U.S. 1, 21, 24–26, 36 S.Ct. 236, 60 L.Ed. 493; Commissioner v. Jacobson, 336 U.S. 28, 49, 69 S. Ct. 358, 93 L.Ed. 477. If decedent had been on an accrual basis for income tax purposes, it would have been taxable income to him. Since decedent was on a cash receipts basis, Congress did not make it taxable to him prior to 1934. Although nontaxable, it was nevertheless income of the decedent. In 1934 Congress made it taxable income to a decedent in a situation like the present one. Such legislation was held valid in Helvering v. Enright, supra, 312 U.S. 636, 61 S. Ct. 777, 85 L.Ed. 1093, the Court pointing out that it was the intent of Congress to

cover into income the assets of decedents, earned during their life and unreported as income, which on a cash return, would appear in the estate returns, thus providing a fair reflection of decedent's income.

Section 126(a), enacted in 1942, embodies an analogous principle. Although the accrued interest was income it was not made taxable to the decedent, but was made taxable to the person who actually collected it at the time when it was collected. Section 126(a)(3) provides that the amount included in the gross income of the person who acquired from the decedent the right to receive the amount by bequest or inheritance, shall be considered in the hands of such person "to have the character which it would have had in the hands of the decedent if the decedent had lived and received such amount." If the decedent had lived and received the interest, it would have been taxable income to him. We do not think it was an unconstitutional exercise of power for Congress to exact the payment of the income tax on what is clearly income from the person who actually received the income rather than from the decedent, as was previously required under Section 42 of the Revenue Act of 1934. This, we believe, is the effect of the ruling in Taft v. Bowers, supra, 278 U.S. 470, 49 S.Ct. 199, 73 L.Ed. 460. We construe that case as holding (278 U.S. at pages 482–483, 49 S.Ct. 199) that Congress in so doing deprives a taxpayer of no right and subjects him to no hardship, in that the taxpayer receives the income with knowledge of the statute and of the tax thereunder inherent in it at the time of its receipt. See also: United States v. Phellis, 257 U.S. 156, 171–172, 42 S.Ct. 63, 66 L.Ed. 180. It will be noticed that in enacting Section 126, Congress provided by Subsection 126(c) for a deduction against the tax for federal estate taxes paid and attributable to the inclusion of an amount in gross income under Subsection (a) which deduction appellants claimed and received.

■ Under the rulings in Helvering v. Enright, supra, and Taft v. Bowers,

supra, we hold that the tax in question was a tax on income rather than a tax on principal, and accordingly is not unconstitutional.

The judgment of the District Court is affirmed.